ORIGINAL

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

MINNESOTA LABORERS HEALTH AND WELFARE FUND; MINNESOTA LABORERS PENSION FUND; MINNESOTA LABORERS VACATION FUND; CONSTRUCTION LABORERS' EDUCATION AND TRAINING FUND OF MINNESOTA AND NORTH DAKOTA; MINNESOTA LABORERS EMPLOYERS COOPERATION AND EDUCATION TRUST,

Civ. File No. 01-1558 JRT/SRN

Plaintiffs,

vs.

**FINDINGS OF FACTS, CONCLUSIONS OF LAW, AND ORDER FOR JUDGMENT**

RENTEC SERVICES, INC.,

Defendant.

This matter was heard before the undersigned on the 31st day of October, 2001. Pamela Hodges Nissen of McGrann Shea Anderson Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. Chris Freundenberg, an owner an officer of Defendant, appeared individually on behalf of the Defendant.

## FINDINGS OF FACT

1. Plaintiffs filed a Summons and Complaint in this matter on August 24, 2001. Defendant Rentec Services, Inc. was personally served with the Summons and Complaint in this matter on August 24, 2001.

2. Defendant has failed to file and serve a response or Answer to the Summons and Complaint.

NOV 13 2001

FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD NOV 13 200
DEPUTY CLERK

(8)

3. Plaintiffs are joint fringe benefit trust funds (the "Funds") which are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide, among other things, pension, vacation, health and welfare benefits to employees doing laborers work in the construction trades, and are maintained for the benefit of workers pursuant to Collective Bargaining Agreements. All contributions must be made and all reports must be submitted to Zenith Administrators, 7645 Metro Boulevard, Minneapolis, MN 55435, as the administrative agent designated by the Trustees.

4. Defendant accepted and agreed to be bound by a Collective Bargaining Agreement with the Laborers District Council of Minnesota. The agreement obligates Defendant, as an employer, to compute the contribution for each employee, submit that information on a report form, and pay those contributions to the Funds' Agent on or before the 15th day of the month following the month for which the contribution is being made.

5. Defendant failed to timely submit report forms or pay contributions for the months of April, May, June, July, and August 2001.

6. After the filing of the Complaint, Defendant submitted the fringe fund report forms for April through July 2001 and submitted records upon which the number of hours its employees worked in August 2001 could be calculated.

7. Based upon the records submitted, the Funds have determined that $30,448.55 is past due and owing for fringe benefit contributions.

8. The Bargaining Agreement provides that Defendant pay liquidated damages of 10% of delinquent contributions. The bargaining agreement further provides that Plaintiffs are entitled to their reasonable attorney fees and costs of this action.

9. The liquidated damages total $3,044.85.

10. The reasonable attorney fees and costs incurred by the Funds total $1,132.00.

## CONCLUSIONS OF LAW

1. Defendant is in default, and Plaintiffs are entitled to Default Judgment.

2. Defendant owes the Plaintiffs amounts for the fringe benefit contributions for the months of April through August 2001.

3. Defendant owes additional amounts for liquidated damages, interest, and attorneys' fees and costs.

## ORDER

**IT IS ORDERED**:

1. That Plaintiffs' motion for default judgment is granted.

2. That Plaintiffs shall have judgment against Defendant Rentec Services, Inc. in the amount of $34,625.40.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: Nov 13, 2001

BY THE COURT

John R. Tunheim
United States District Court Judge